IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN ANTHONY MOORE,
    Plaintiff,

vs.                                Case No.: 3:14cv669/MCR/EMT

DEPARTMENT OF JUSTICE, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (doc. 1).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND

    Plaintiff sues the United States Department of Justice ("DOJ") and Attorney General Eric Holder in his official capacity (doc. 1 at 1–2). He alleges in 1990, he pleaded guilty to simple battery in state court (*id.* at 3). He alleges in 2005, the DOJ imposed punishment for the same offense, and that punishment lasted until January 25, 2010, when he was "vindicated from illegal conviction" (*id.*). Plaintiff alleges during that five-year period, he suffered an unwarranted "shocking acute unendurable ordeal" (*id.*). He contends the DOJ's conduct violated the constitutional prohibition against double jeopardy (*id.* at 4). As relief, he seeks punitive and compensatory damages (*id.*).

II.    ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For example, if it is clear that an affirmative defense bars the complaint, dismissal at the screening stage is appropriate. *See* Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed."). Here, this action is subject to dismissal for several reasons. First, Plaintiff's claims are barred by the doctrine of sovereign immunity. Second, this suit is barred by the doctrine of res judicata. Third, this suit is barred by the statute of limitations.

  A. Sovereign Immunity

The doctrine of sovereign immunity precludes a Bivens claims for monetary relief against federal agencies and federal officials in their official capacity. Official capacity claims for monetary damages based upon allegations of constitutional violations are barred because they are considered suits against the United States, which has not waived its sovereign immunity for such claims. *See* FDIC v. Meyer, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Kentucky v. Graham, 473 U.S. 159, 165–67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

Here, Plaintiff sues a federal agency and a federal official in his official capacity, and he seeks monetary damages based upon an alleged constitutional violation. His claims are clearly barred by the doctrine of sovereign immunity.

  B. Res Judicata

Under the doctrine of res judicata, a final judgment applies to bar a subsequent lawsuit re-litigating matters that were already litigated or could have been litigated in the earlier suit. *See* Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003). Res judicata does not apply, however, when there was no final judgment on the merits in the earlier action. *Id.* A dismissal without prejudice is not an adjudication on the merits and does not have a res judicata effect. *Id.* If, on the other hand, a party has already litigated the same causes of action against the same parties through to a final judgment, res judicata bars that complaint. *See* Akanthos Capital Mgmt., LLC v. Atlanticus Holdings Corp., 734 F.3d 1269, 1271–72 (11th Cir. 2013). Res judicata will bar a subsequent action

if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties, or those in privity with them, are identical in both suits; and (4) the prior and present causes of action are the same. *See* In re Omine, 485 F.3d 1305, 1311–12 (11th Cir. 2007). The court evaluates the similarity of two causes of action by looking to the broad "nucleus of operative facts" of the actions. Borrero v. United Healthcare of New York, Inc., 610 F.3d 1296 1308 (11th Cir. 2010). To do so, we will "line up the former and current cases side-by-side to assess their factual similarities." *Id.* at 1309.

Plaintiff's prior action, Moore v. Harris, et al., Case No. 5:10cv38/MW/EMT, was dismissed as barred by the four-year statute of limitations for Bivens actions. A ruling based on the statute of limitations is a decision on the merits for res judicata purposes. *See* Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972). Additionally, the decision was issued by a court with competent jurisdiction. This court, which decided Plaintiff's case in 2010, had subject-matter jurisdiction over civil actions brought under 28 U.S.C. § 1331 and Bivens. Thus, the first two elements of res judicata are met.

Additionally, the parties to the instant suit are in privity with the parties to Plaintiff's prior suit. The Defendants in the instant case are the DOJ and the United States Attorney General in his official capacity (*see* doc. 1). As previously noted, an official capacity claim, as well as a claim against a federal agency, for monetary damages based upon allegations of constitutional violations is considered a suit against the United States. The United States was a party to Moore v. Harris, et al., No. 5:10cv38/MW/EMT. *See* Moore v. Harris, No. 5:10cv38/MW/EMT, Judgment of United States Court of Appeals (N.D. Fla. Jan 23, 2014) (indicating that the Defendants-Appellees were Mike Harris, Unit Manager at FCI Marianna; Warden (Mark Henry), FCI Marianna; and the United States of America, on behalf of Mike Harris and Mark Henry). Therefore, the third element of res judicata is met.

Finally, Plaintiff alleges the same cause of action in this case as he did in the 2010 case. Two cases are based on the same cause of action if they arise out of the same nucleus of operative facts, or are based upon the same factual predicate. *See* Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235 1239 (11th Cir. 1999). Although Plaintiff's factual allegations in the instant complaint are somewhat vague, it is clear that Plaintiff is complaining about injury he suffered during the five-year period from 2005–2010, as the result of a federal official's requiring him to sign a sex offender

registration form prior to his release from a federal correctional institution (which Plaintiff characterizes as an imposition of punishment), and then correcting the error (which Plaintiff characterizes as vindication from the illegal conviction) in January of 2010. The only difference between the 2010 lawsuit and the instant lawsuit is the nature of the constitutional violation Plaintiff alleges. In his 2010 lawsuit, he claimed a due process violation, and in this lawsuit, he claims a double jeopardy violation. Plaintiff could have litigated his double jeopardy claim in the 2010 lawsuit. Therefore, the instant case is precluded by res judicata and must be dismissed.[1]

      C.      Statute of Limitations

Even if this action was not dismissed pursuant to the principles of res judicata, it would still be barred by the statute of limitations. Plaintiff's identical 2010 case, brought in this court, was dismissed as barred by the statute of limitations. The Eleventh Circuit stated that Plaintiff's cause of action accrued in 2005, when he was arrested for failure to register as a sex offender. *See* Moore v. Harris, No. 5:10cv38/MW/EMT, Judgment of United States Court of Appeals (N.D. Fla. Jan 23, 2014). Bivens suits have the same statute of limitations as suits brought under 42 U.S.C. § 1983. *See* Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). Where Florida is the forum state, § 1983 plaintiffs have four years to file suit. *See* Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Therefore, as the Eleventh Circuit concluded, Plaintiff's four-year window closed in 2009. *See* Moore v. Harris, No. 5:10cv38/MW/EMT, Judgment (N.D. Fla. Jan 23, 2014). Plaintiff contends the statute of limitations did not begin to run until January 25, 2010; however, the Eleventh Circuit already rejected his arguments that the limitations period did not accrue until 2010, and that he was entitled to equitable tolling until 2010. *See Id.* Therefore, for the same reasons the 2010 lawsuit was dismissed as time-barred, the instant lawsuit is subject to dismissal as time-barred.

      Accordingly, it is respectfully **RECOMMENDED** that:

      1.      This cause be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against a defendant who is immune from such relief.

---

[1] This is Plaintiff's second attempt to re-litigate the 2010 claim. On October 15, 2014, Plaintiff filed another civil rights action seeking to re-litigate the same claim against Michael Harris, Mark Henry, FCI Marianna, and the Federal Bureau of Prisons. *See* Moore v. Harris, et al., 5:14cv268/RS/GRJ, Complaint (N.D. Fla. Oct. 15, 2014). The court dismissed the lawsuit on res judicata grounds on November 6, 2014. *See id.*, Order (N.D. Fla. Nov. 6, 2014).

Case No.: 3:14cv669/MCR/EMT

2. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 20th day of January 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).